The opinion of the Court was delivered by

Mr. Justice Richardson.
The question in this case, was not, whether the terms of the note might be altered by parol evidence: But whether thy defendant had not a good defence, by way of discount against' the note. The consideration of the note was a clock, with the right to return the clock, if disapproved of by the defendant’s father. Accordingly, the clock being disapproved of, an offer was made to return it. Let us suppose for a moment, that thd defendant had paid for the clock; would he not have had a right of action for the price paid. Assuredly he would. “ If the buyer, (says Phillips, 2 Vol. 79,) by the terms of the contract, has power to rescind the contract by his own act, he. (as Where, together wjth the warranty, there is a power given to the buyer to return the horse, within a certain time, and he,accordingly offers to return it to the seller, who refuses to receive it) then the'eontract is determined by the single act of the buyer, and the buyer will be entitled to recover back the purchase money, in action for money had and received.” (Cowp. 818. 7 East, 274, Term 33; Doug. 23.) But the moment it appears that, in súch á case, the purchaser would have had a right of action to recover hack the purchase money,, it is equally evident, that he has a good defence, by way of set off, in a case where hé has not paid the purchase, money. In a word, he who has a cross-action has the right of discount against art action brought. The error is in supposing, that the evidence went to alter the terms of the note. But this is not its tendency; it was to set off against the note, a return of the clock as authorised by the contract, which is equal to a total failure; precisely as if the clock, in the ordinary case of an implied warranty, had turned out wholly worthless. Although then. *35 parol evidence could not be adduced to alter the note, yet a good defence arose, by reason of the contract which authorised the defendant to return the clock; which return being made, the consideration of the note had gone hack into the hands of the vender, and the verdict followed for the defendant, upon an acknowledged principle, and in strict analogy to the common Case of a total failure of consideration.
The motion is therefore refused. —
-Gantt, Johnson, JYotf^ ColcocJc, Justices, concurred,